UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONNIE QUINTON HANNA,

Petitioner,

Case No. 2:26-cv-2249-KCD-KRH

v.

WARDEN, GLADES COUNTY DETENTION CENTER, U.S. ATTORNEY GENERAL,

Respondents.

_______________________________/

**ORDER**

Petitioner Donnie Quinton Hanna is a citizen of the Bahamas currently detained by U.S. Immigration and Customs Enforcement ("ICE") who does not yet have a final order of removal. He asks this Court to "review the legality of [his] continued detention and order [his] release pursuant to the bond previously set by the immigration judge." (Doc. 1 at 9.)[1] The Government opposes the petition. (Doc. 7.)

Hanna's "detention is governed by § 1226(a)." *Nardella Mago*, 2026 WL 532485, at *2 (M.D. Fla. Feb. 26, 2026). Which means he is entitled to an individualized bond hearing. *Id.*; *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018). But Hanna has already received a bond hearing, which was

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

granted, and Hanna posted a $10,000 bond. (*See* Doc. 7-1 at 1-5, 3-6.) The Government has appealed the ruling (*id.* at 8-16), which automatically stays the immigration judge's bond order authorizing Hanna's release and holds that order in abeyance pending a decision on the appeal. *See* 8 C.F.R. § 1003.19(i)(2).

The Court lacks jurisdiction to overturn the immigration judge's bond decision, which is on appeal and not yet final. *See* 8 U.S.C. § 1226(e). Hanna also invokes the Fifth Amendment, claiming that he has been detained beyond the bounds of what substantive due process allows. (Doc. 1 at 7-9.) *See Zadvydas v. Davis*, 533 U.S. 678 (2001). "[I]n order to state a claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). There is no evidence on the record that a final removal order has been entered against Hanna. At bottom, Hanna's due process claim centers on Respondents' failure to release him following his most recent bond determination, which the Court lacks jurisdiction to review. See 8 U.S.C. § 1226(e).

Because Hanna has failed to demonstrate any violation of the Constitution or laws of the United States that is cognizable or would

necessitate his release, the habeas petition must fail. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on September 4, 2026.

Kyle C. Dudek
United States District Judge